Dear Magistrate Morella:
I have received your opinion request for research and reply. Your questions are as follows:
 (1) Can a magistrate of a mayor's court suspend court costs pursuant to La. C.Cr.P. art. 887(A)?; and
 (2) Can a magistrate of a mayor's court suspend those court costs dedicated to the crime lab?
In response to your first question, La. C.Cr.P. art. 887(A) does not unequivocally answer your question regarding the authority of a magistrate of a mayor's court to suspend court costs. La. C.Cr.P. art. 887(A) states, in pertinent part, as follows:
 Any judge of a district court, parish court, city court, traffic court, juvenile court, or family court within the state shall be authorized to suspend court costs.
La. C.Cr.P. art. 931(2) provides a definition of "city court" which specifically excludes mayor's courts. Therefore, since a mayor's court is not included in the La. C.Cr.P. art. 887 list of courts which are granted the authority to suspend court costs, it is the opinion of this office that the magistrate of a mayor's court cannot suspend court costs pursuant to La. C.Cr.P. art. 887(A). However, pursuant to La. R.S. 33:441(A), which states that "[n]otwithstanding any other provision of law to the contrary, the mayor may also impose court costs . . . ." This statutory provision indicates that unless the law requires the mayor or his appointed magistrate to impose the court costs, the mayor or his appointed magistrate has the discretion to impose such. If the mayor or his appointed magistrate deems court costs to be unnecessary in a particular case and the law does not mandate the imposition of the costs, he is not required to impose these costs.
Your second question asks whether a magistrate of a mayor's court can suspend court costs dedicated to the crime lab. La. R.S. 40:2267.1 creates the Acadiana Criminalistics Laboratory Commission. St. Mary Parish, which includes the City of Patterson, is a member thereof. La. R.S. 40:2266.1 provides optional methods of obtaining revenues for the Criminalistics Laboratory Commissions. Section B(1) of La. R.S. 40:2266.1
states, in pertinent part, as follows:
 In all criminal cases prosecuted under state statutes, parish ordinances or city ordinances in any mayor's . . . . court . . . . sitting within a parish which, upon approval of the governing body of such parish, . . . is . . . a part of a criminalistics laboratory commission . . . . there shall be taxed as costs against every defendant who is convicted after trial, or who enters a plea of guilty or of nolo contendere, or who forfeits his bond, a sum in accordance with the following schedule:
 (a) Operating a vehicle while intoxicated and drug offenses — fifty dollars.
 (b) Crimes defined in Title 14 of the Louisiana Revised Statutes of 1950 — ten dollars.
 (c) Violations of provisions of Title 32 of the Louisiana Revised Statutes of 1950, or of city or parish traffic ordinances — ten dollars.
Section B(2) of La. R.S. 40:2266.1 prohibits assessment of crime lab costs for operating a vehicle with an expired inspection sticker, or with an expired driver's license, or without a driver's license. Since the costs in Section B(1) of La. R.S.40:2266.1 are to be taxed mandatorily, the magistrate of a mayor's court cannot suspend such.
In conclusion, it is the opinion of this office that a magistrate of a mayor's court may not suspend court costs pursuant to La. C.Cr.P. art. 887(A). However, where the law does not mandate imposition of court costs, it is within the discretion of the mayor or his appointed magistrate to impose court costs. It is also the opinion of this office that a magistrate of a mayor's court may not suspend the costs to be taxed to defendants which are imposed to support the crime lab.
I hope that this opinion has adequately answered your questions. If our office can be of further assistance to you, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GREG MURPHY Assistant Attorney General
RPI/GM:ckj